UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROBERT A GROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cv-351 JD |
| | ) | |
| KILOLO KIJAKAZI[1], Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on plaintiff's motion for an award of attorney fees under the EAJA [DE 23], following the remand of this action to the Commissioner. The motion seeks an award of $8,546.54. The parties have since filed a joint stipulation agreeing to an award of $8,000.00. [DE 25].

The EAJA provides that "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency."  28 U.S.C. § 2412(b).  A party seeking an award of fees for a successful action against the government is entitled to recover its attorneys' fees if: (1) the party was a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the application for fees is timely filed with the district court (that is, within thirty days after the judgment is final and not appealable). 28 U.S.C. § 2412(d)(1)(A), (B) and (d)(2)(G); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. No further action need be taken as a result of this substitution. 42 U.S.C. § 405(g).

Given the parties' agreement, the Court GRANTS the stipulation [DE 25], and AWARDS the plaintiff an EAJA fee in the amount of **$8,000.00**. This award may be offset to satisfy any pre-existing debt the plaintiff may owe to the United States. However, any portion of this award that is not used to offset a pre-existing debt of the plaintiff to the government should be made payable directly to the plaintiff's counsel pursuant to the EAJA assignment executed by the plaintiff. [DE 24-1]; s*ee Mathews-Sheets v. Astrue,* 653 F.3d 560, 565 (7th Cir. 2011)*.*

SO ORDERED.

ENTERED:  October 19, 2021

_____/s/ JON E. DEGUILIO_____
Chief Judge
United States District Court