UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT A GROSS, | |
| Plaintiff, | |
| v. | Case No. 3:20-CV-351 JD |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## OPINION AND ORDER

The Plaintiff, Robert Gross, has moved through counsel for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (DE 27.) The Court previously remanded this social security appeal to the Commissioner for further proceedings on Mr. Gross' claim for benefits. (DE 21). The Court also previously awarded attorneys' fees under the Equal Access to Justice Act in the amount of $8,000. (DE 26.) On remand, the Commissioner made a fully favorable decision on Mr. Gross' claim, including an award of past due benefits totaling $86,408.00. (DE 28-1 at 9.) According to the fee agreement executed with counsel, Mr. Gross agreed to pay his counsel 25% of all past-due benefits to represent him before the United States District Court. (DE 28-1 at 6.) Pursuant to this agreement, his counsel now seeks an award of $13,602 from past due benefits. Also pursuant to this agreement, Mr. Gross' counsel will retain the $8,000 EAJA fee award for total compensation of $21,602. For the reasons stated herein the motion will be granted.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they

must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

The fees awarded under 406(b) must be reasonable. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

The Commissioner has indicated she takes no position on the proposed fee award. (DE 30.) The Court independently finds that this award is reasonable and that it reflects an hourly rate of $533 per hour, for 40.5 hours of attorney work, which is within the range of other awards approved by this Court.[1] *See e.g. Long v. Saul*, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (collecting cases) (approving an award of $1,711.96 per attorney hour).

Accordingly, the Court GRANTS the Plaintiff's Motion for Authorization of Attorney Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b) (DE 27) and AWARDS attorney fees under 42 U.S.C. § 406(b) in the gross amount of $13,602. Counsel shall retain their prior

---

[1] The Court assesses the reasonableness of the entire award, including EAJA fees, compared to the total number of hours "billed" given that Plaintiff's counsel will be retaining the previously awarded EAJA fees as part of their compensation for the work performed in this case.

award of $8,000 in EAJA fees. This results in net compensation to counsel in the amount of $21,602. The Commissioner is ordered to disperse to Plaintiff's counsel of record, the sum of $13,602 from the amount withheld from Plaintiff's past-due benefits in satisfaction of the gross §406(b) fee award, and any remaining amount withheld from Plaintiff's past-due benefits shall be dispersed to Plaintiff, all in accordance with agency policy after payment of any fee that may be due pursuant to the Social Security Act, 42 U.S.C. § 406(a).

    SO ORDERED.

    ENTERED: November 15, 2023

                                      /s/ JON E. DEGUILIO
                                Judge
                                United States District Court